## GULLIFORD v. RUSS.

(Court of Appeals of District of Columbia. Submitted March 9, 1926. Decided April 5, 1926.)

No. 1834.

Patents ⊛⟶90(5)—Ring or annulus with abrasive material held not reduction to practice of rotatable cutter head and cutter.

Wooden ring or annulus, having abrasive material glued to it, which, when rotated against a wooden shank, would reduce it by means of the abrasion to the desired shape, *held* not to support count in interference proceeding calling for "a rotatable cutter head having a cutter mounted thereon," or "a rotatable cutter head provided with cutter projecting from one face thereof," so as to constitute reduction to practice.

Appeal from Commissioner of Patents.

Interference proceeding between Nicholas L. Gulliford and Harley W. Russ. From a decision of the Commissioner of Patents, awarding priority of invention to the latter, the former appeals. Affirmed.

C. M. Thomas and F. D. Thomas, both of Washington, D. C., for appellant.

L. H. Harriman, of Boston, Mass., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. The invention in issue in this interference is a machine employed in the shaping of wooden heels for women's French style, high-heeled shoes. In a finished shoe these heels are, of course, covered with leather or other material. In the making of such a heel a rough block of wood is sawed to the right size, after which it passes through various operations until it approximates the correct shape, when as a final operation the shank lip, which projects forward from the upper breast of the heel, is machined to make it conform with the heel rest, and especially with the shoe bottom which is to join it. The machine now in question is designed to perform this latter function.

It is said that in the previously existing practice this operation was performed by manually pressing the heel against a revolving cylinder covered with sand paper, whereas by means of the present invention the heel is mounted upon a work holder and is moved directly into a revolving annulus, which serves as a shaping tool.

The present issue is defined in the following counts:

"1. A machine of the character described, comprising a rotatable cutter head having a cutter mounted thereon, and a work holder movable lengthwise of the axis of said cutter head, and adapted when moved toward said cutter head to position the shank portion of the breast of a heel between the path of said cutter and the axis of said head, to cause said cutter to give the outer side of said shank portion a transversely convex shape.

"2. A machine of the character described comprising a rotatable cutter head provided with a cutter projecting from one face thereof, and a work holder movable lengthwise of the axis of said cutter head toward and from said face, and adapted, when moved toward said cutter head, to position the shank portion of the breast of a heel between the path of said cutter and the axis of said head, to cause said cutter to give to the outer side of said shank portion a transversely convex shape."

Russ alleges conception of the invention between April, 1917, and March, 1918, with reduction to practice in December, 1920. He filed his application for a patent on September 13, 1922, and is the junior party.

Gulliford alleges conception of the invention in the spring of 1920, with reduction to practice in June, 1920. He filed his application for a patent on October 15, 1921. A patent was issued to him for the invention in October, 1922, but the two applications were then copending, and this interference is not affected thereby.

The parties respectively submitted their testimony and exhibits, whereupon the Examiner of Interferences gave Russ a conception date not later than 1919, and reduction to practice in the latter part of 1920. Gulliford's conception date was concededly later than that of Russ, and he was given June, 1921, as the date of his reduction to practice, this date being later than the corresponding date given Russ. The Examiner of Interferences found upon the evidence that Gulliford had completed a device in April, 1920, for the shaping of such wooden heels, which Gulliford claimed as a reduction to practice for the invention in issue. This claim, however, was denied by the Examiner of Interferences on the ground that the device then constructed by Gulliford did not support the present issue. Accordingly priority of invention was awarded to Russ.

The decision of the Examiner of Interferences was affirmed by the Examiners in Chief, and their decision was affirmed by the Commissioner of Patents. This appeal was then taken.

The arguments of counsel herein, especially those presented by their supplemental briefs, have in effect narrowed this controversy to the question whether the device constructed by Gulliford in April, 1920, supported the counts of the issue, so as to constitute a reduction to practice of the invention. This device was a wooden ring or annulus having abrasive material, such as sand or quartz, glued upon it, so that, when rotated in contact with the wooden shank, the latter would be reduced by means of the abrasion to the desired shape.

The question arises whether such a device can be considered as an embodiment of the counts of the issue, which call for "a rotatable cutter head having a cutter mounted thereon," or "a rotatable cutter head provided with a cutter projecting from one face thereof." Gulliford's counsel contend that the wooden ring or annulus having the abrasive surface is secured upon a wooden block or backing of similar shape, and that the upper annulus, with its abrasive material, may properly be described as a cutter mounted on a head, or as a cutter projecting from one face of the head.

The three tribunals of the Patent Office have concurred in the opinion that it would involve a straining of language to describe a coating of abrasive material glued upon a wooden ring as a cutter or a projecting cutter, and accordingly that the device in question did not support the counts of the issue.

We agree with this conclusion, as well as the other findings of the tribunals of the Patent Office, and upon the entire record we affirm the decision of the Commissioner of Patents.